## MARTIN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. October 24, 1927.

Rehearing Denied November 28, 1927.

No. 5152.

Criminal law ⟝878(4)—Acquittal on count charging falsely making affidavit held consistent with conviction for uttering and publishing and presenting to clerk of court (Criminal Code, § 28 [18 USCA § 72]).

In prosecution under Criminal Code, § 28 (18 USCA § 72), for falsely making and counterfeiting affidavit, with uttering and publishing it, and with presenting it to clerk of District Court, verdict acquitting defendant under the first count *held* not inconsistent with conviction on the second and third because of fact that affidavit set forth in each of counts was the same instrument; an essential element of offense charged being intent, and evidence as to intent when making instrument might have been doubtful.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

William G. Martin was convicted for uttering and publishing a false affidavit and presenting it to the Clerk of the United States District Court, and he brings error. Affirmed.

Benj. F. Mulkey, Martin L. Pipes, and William G. Martin, all of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The defendant below, an attorney at law, was employed by one Wayne G. Arnold to institute in his behalf a voluntary bankruptcy proceeding. In order to procure the filing of the petition in bankruptcy without paying the fees prescribed by law, defendant presented to the clerk with the petition in bankruptcy an affidavit in forma pauperis, purporting to have been signed and sworn to by Arnold before defendant, who is also a notary public. In an indictment containing three counts, defendant was charged (1) with falsely making and counterfeiting this affidavit, (2) with uttering and publishing it, and, (3) with presenting it to the clerk of the United States District Court at Portland, Or.; it being further averred in each count that Arnold did not subscribe the affidavit or make oath thereto, and that defendant with such knowledge acted willfully and feloniously and with the purpose and intent to defraud the United States. The three several offenses thus charged are defined by section 28 of the Criminal Code (Code of Laws of the United States, December 6, 1926, p. 464 [18 USCA § 72]). There was an acquittal upon the first count, and conviction on the second and third with appropriate judgment. Defendant brings error.

The testimony is not brought up, but it is stipulated that at the trial the evidence disclosed that the affidavit set forth in each of the three counts is the same instrument, "and that the defendant was the notary public who signed his name to said affidavit, and made said affidavit, and no other person made such instrument."

The only point seriously urged is that under the facts so stipulated the verdict is fatally inconsistent. But, aside from other considerations, an essential element of the offense charged in each count is the intent with which the defendant acted, and it is quite conceivable that the evidence was such as to leave a reasonable doubt respecting his intent when he made the instrument but clear that his purpose was corrupt when he used it. The conclusions reached by the jury are therefore not necessarily inconsistent, and the judgment must be affirmed.